*Hamilton,* for plaintiff.
*J. A. Bayard,* for defendants.

---

JOHN G. ELLIOTT *vs.* JAMES J. BRINDLEY and WILLIAM F. CHANDLER.

Referees may try the grade of a debt claimed against a decedent's estate, and report its order of preference in the application of assets.

DEBT on administration bond.

Narr, suggesting a devastavit. Pleas, nil debet, plene administravit, debts outstanding of superior dignity, and no assets ultra.

*Bayard.* Elliott brought a suit against the present defts. as administrators of Caleb Kirk, for wages as a laborer on a farm; that suit was referred, and the referees reported "that there is a balance due John G. Elliott from the estate of Caleb Kirk of $191 57, accruing from hire and claiming a preference under the law of this state, being a less sum than one year's wages." *Dig.* 225. Judgment was rendered on this award, and the administrators having refused to pay, the present action is brought suggesting a devastavit. The fact that this claim is of a character preferred by the act of assembly to other debts is established by the award itself. It is apparent that they had this subject before them and examined into the nature of the claim with a view to determine its grade. They were competent to decide this question, and the award is conclusive as to it.

*Wales.* The first question is whether the character or grade of the debt or the order of preference was submitted to the referees; if not

so submitted, they could not try it. The rule of reference is to ascertain an amount claimed to be due, and not to try the character of the demand. In the next place, it is not certain that they did in point of fact ascertain the nature of this claim. The note appended to the report, that it was *claimed* as a preferred debt, does not show that it was so decided.

*Bayard.* The rule of reference submits "all matters in controversy between the parties." The referees have expressly the power to find assets. They may therefore find the nature of the debt in order to show what assets are applicable to it. The expression is not that the plff. *claimed* a preference, but that the *wages* claimed a preference by law.

*The court* were of opinion that the referees meant to decide this question, and that they were competent to decide it. They might find a sum due on bond, or for rent, or for wages; and if the party meant to controvert the fact, or to object to the award for stating extraneous matter, he should have done so before the confirmation.

Verdict for plaintiff.

*J. A. Bayard*, for plaintiff.
*Wales*, for defendants.